NEW LIVERPOOL SALT CO. v. WELLBORN, District Judge.

(Circuit Court of Appeals, Ninth Circuit. March 7, 1908.)

No. 1,568.

APPEAL AND ERROR—EFFECT OF APPEAL—CORRECTION OF JUDGMENT—CLERICAL ERRORS.

Where, a decree. enjoining defendant therein from diverting water from a river so that it should flow on complainant's land, by clerical error failed to describe the land, the court, after the term and after an appeal had been taken, had power to correct the mistake, and, having done so pursuant to a stipulation of the parties, had no power thereafter to vacate the corrected order.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 2201.]

Petition for Writ of Mandate.

Page, McCutchen & Knight, for petitioner.

John S. Chapman, for respondent.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

PER CURIAM. The petitioner herein having filed its petition for a writ of mandamus to the above-named respondent, directing him to entertain an application made in said Circuit Court in a cause wherein the petitioner herein is complainant and the California Development Company is the defendant, for an order upon said defendant, its officers and agents, to show cause why they should not be dealt with as for contempt of said court in disobeying its decree of injunction in said cause, and an order having been made by the court in response to said petition that the respondent show cause why said petition should not be granted, and the respondent having answered said petition and appeared herein by his counsel John S. Chapman, the petitioner appearing by E. J. McCutchen, and it appearing from the said petition and answer that on January 10, 1908, a decree was entered in the said Circuit Court of the United States for the Southern District of California in the case of New Liverpool Salt Company, Complainant, v. California Development Company, Defendant, enjoining the defendant therein from diverting water from the Colorado river in any way so that the same should flow upon the lands of the complainant described in the bill of complaint, and that by clerical mistake in the entry of the decree so made the lands of the complainant were incorrectly described; that on February 8, 1908, said mistake was discovered by complainant's counsel, whereupon a stipulation was made and signed by counsel for the respective parties that a manifest clerical error had been made in such description of said lands in said decree, and that an order be made by said Circuit Court directing the clerk thereof to correct the said description by inserting and changing the necessary words to render the same correct and in accordance with the judgment of the court; that on February 10, 1908, an order was accordingly made by the court directing said clerk to correct the original decree and the record thereof in accordance with the stipulation, and said clerk did then and there make said correction by interlineation in the text of the said decree and the record thereof; that on said February 10, 1908, the said complainant filed in said court and cause a petition for a judgment for a contempt, setting forth that said injunction embodied and contained in said decree had been violated and disobeyed by the defendant and others, officers and agents of the defendant, and on said day an order was made by the court directing said defendant and its said agents and officers to appear before the said Circuit Court at a time therein named to show cause, if any they had, why they should not be punished for contempt for disobeying said injunction; that on February 19, 1908, while a motion made by the defendant for the interpretation of said final decree was pending and on hearing before said court, the judge thereof stated to counsel representing the respective parties that he entertained grave doubt as to the validity of the order made on February 10, 1908, for the correction of error in said final decree, for the reason that said order was made after the expiration of the term at which the decree was signed and after an appeal had been perfected by the defendant from said decree to this court; that thereafter the said court made an order reciting that it appeared to its satisfaction that its previous order for the correction of said de-

cree was void, and that the decree in so far as it related to injunctive relief was inoperative, because of the failure therein to describe the complainant's land; whereupon it was ordered that the amendment so previously made and ordered be vacated and set aside, and the amendment stricken from the decree, but the clerk was directed by the court not to physically strike out the amendments so interlined by the order of February 10, 1908; and it now appearing to this court that the error in the description of the lands so contained in the original decree was a manifest clerical error such as the said Circuit Court had the power and jurisdiction to correct, notwithstanding the expiration of the term and the perfection of the appeal to this court, and that it was properly corrected on stipulation of the parties by the interlineations made therein under the order of February 10, 1908, and that said court had not the power subsequently to set aside or vacate its order making said corrections in accordance with the stipulation of the parties, it is therefore ordered that a writ of mandate issue from this court directing said Circuit Court to entertain said application so made for an order to show cause why the defendant and its officers and agents should not be dealt with for contempt of said court in disobeying the injunction of said decree in said court, and to proceed and hear the same.