## FIDELITY & DEPOSIT CO. OF MARYLAND v. MacGRUER et al.*
### No. 7295.

Circuit Court of Appeals, Ninth Circuit.
April 22, 1935.

*Rehearing denied Aug. 19, 1935.

Redman, Alexander & Bacon and Alfred B. Weiler, all of San Francisco, Cal., for appellant.

Clarence E. Todd and Vincent Surr, both of San Francisco, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

NORCROSS, District Judge.

This is an appeal from an order vacating an order of dismissal. The only question presented is whether the District Court had jurisdiction to vacate the order of dismissal after the expiration of the term in which the dismissal was entered.

The record discloses the following facts: In 1929 the appellees, as plaintiffs, brought an action against appellant, Fidelity & Deposit Company of Maryland, as the surety on an injunction bond, alleging that the surety company was liable on the bond for damages suffered by plaintiffs. After trial and submission of the cause to the court below, it was ordered, on June 2, 1930, "that judgment be entered in favor of plaintiffs, with costs," and "that the question of damages be and is hereby referred to U. S. Commissioner Arthur G. Fisk to hear evidence, make findings and suggest conclusions of law." Testimony was taken before the commissioner, and the matter was submitted to him, but, before a decision and before the time for filing a final brief had expired, the commissioner resigned, and the order of reference to him was terminated by order of the court dated May 9, 1931. By the same order A. B. Kreft was appointed special master "to hear evidence, make findings and suggest conclusions of law, as to the matter of damages herein." After the appointment of the special master, it appears that the parties, through their respective attorneys, several times discussed what action should be taken, and were unable to agree thereon; the plaintiffs desiring to submit the matter on the testimony taken before the commissioner, and the surety company insisting that the testimony be heard again by the special master.

On July 11, 1932, the case was dismissed by the court for want of prosecution, pursuant to rule 38 of the court, which provides that cases pending for more than one year without any proceedings having been taken therein during such time "shall be dismissed, as of course, for want of prosecution by the court on its own motion." On April 15, 1933, at a subsequent term of court, plaintiffs filed a motion to vacate the order of dismissal "upon the ground that said order was without jurisdiction, that the same was made through the inadvertence of some officer of the court or of the court, and that said order did not divest this court of jurisdiction to vacate the same." On May 22, 1933, the motion to vacate the order of dismissal was granted. Such a motion to vacate is in the nature of a common-law writ of error coram nobis, or coram vobis, the modern substitute for which is a proceeding by motion. See cases infra, and Freeman on Judgments (5th Ed.) §§ 220, 256, pp. 432, 433, 514, 517.

Where, as in this case, there has been a reference to a special master, the clerk's record would not show proceedings in respect to such reference unless some report be made or other action taken in respect thereto. The fact that the clerk's record might show no action taken within the year, it would not follow therefrom that no such action was taken. In such case the clerk's record would not be sufficient to support an order of dismissal. If, as in this case, the order of dismissal was based solely on the clerk's record, the error thus made would be within the broad definition of clerical error, which may be corrected after the term. St. Louis & S. F. R. Co. v. Spiller, 275 U. S. 156, 48 S. Ct. 96, 72 L. Ed. 214; United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129. See, also, New England Furniture & Carpet Co. v. Willcuts (D. C.) 55 F.(2d) 983; New Liverpool Salt Co. v. Wellborn (C. C. A.) 160 F. 923; Freeman on Judgments (5th Ed.) § 146, pp. 283, 284; 34 C. J. § 450, pp. 229–232.

Order affirmed.