## HELM v. UNITED STATES FIDELITY & GUARANTY CO.

## SHEPHERD v. SAME.

### Nos. 19106–K, 19107–K.

District Court, N. D. California, S. D.
Oct. 14, 1935.

John L. McVey, of Oakland, Cal., and Walter H. Linforth, Wm. M. Cannon, and Jesse H. Miller, all of San Francisco, Cal., for plaintiffs.

Ford & Johnson, of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

These two cases come before the court on motions to vacate orders of dismissal made under court rule 38, which rule reads as follows: "Causes which have been pending in this Court for more than one year without any proceedings having been taken therein during such year shall be dismissed, as of course, for want of prosecution by the Court on its own motion, at a general calling of a calendar at the beginning of a term prepared for the purpose by the Clerk. Such causes may also be dismissed for want of prosecution at any time on motion by any party upon notice to the other parties."

Suits were filed in this court on November 27, 1931, on judgments obtained in Alameda county against the chauffeur of an assured of defendant. An affidavit of one of plaintiff's attorneys states that he prepared and submitted to defendant's attorneys a stipulation providing for the use in the present cases of the transcripts of testimony taken in the Alameda county cases. After some delay, the resident secretary of defendant (who affiant believes is an attorney) advised affiant that defendant would not sign the stipulation, and that plaintiffs would have to take depositions of the witnesses. Thereafter the parties entered into and filed the following stipulation in each case:

· "The plaintiff being desirous of taking the deposition of witnesses absent from the State of California,

"It is stipulated that the above entitled action may be dropped from the trial calendar *to be restored* [italics supplied] upon notice of motion to be served upon counsel for the parties.

"Dated: August 19th, 1932.
"John L. McVey
"Walter H. Linforth
"Wm. M. Cannon
"Attorneys for Plaintiff.
"Ford & Johnson
"Attorneys for Defendant."

Assured and his chauffeur, both material witnesses, were members of the United States Naval forces, and plaintiffs had difficulty in locating them. On August 6, 1934, plaintiffs' attorney ascertained that one of the witnesses would be in San Francisco from August 10th to 13th, and upon *so notifying* defendant's attorneys was informed, for the first time, that the cases had, on March 5, 1934, been dismissed by the court under rule 38. Such dismissals are made without prejudice, but plaintiffs are now precluded by the statute of limitations from filing new actions. On August 22, 1934, plaintiffs filed motions to vacate said orders of dismissal, which motions were submitted for decision to the late Judge Kerrigan. The March term having expired on July 7, 1934, the question before the court is whether the orders of dismissal can be set aside after the expiration of the term.

Formerly no notice was given to attorneys whose cases were to be dismissed under rule 38. Realizing that injustice might result from such practice, this court, in June, 1934, ordered the clerk thereafter to give notice by mail to the attorneys in cases which are to be placed on the calendar for dismissal under the rule.

In Zadig v. Ætna Ins. Co., 42 F.(2d) 142, 144, the Circuit Court of Appeals,

186

Second Circuit, held that the district judge had erred in refusing to consider a similar motion on its merits, stating that the purpose of the rule "was rather to rid the calendar of apparently abandoned causes, than finally to conclude suitors who had no notice of the calls."

It is not the intention of the court to dismiss cases which are alive, even though it sometimes happens that the docket of the clerk of the court shows no entries for a year. In Fidelity & Deposit Co. of Maryland v. MacGruer et al. (C. C. A.) 77 F.(2d) 83, the case was alive, but as the activities were before a special master, the clerk's docket showed no entry for over a year. The court said [77 F.(2d) 83, page 84]: "The fact that the clerk's record might show no action taken within the year, it would not follow therefrom that no such action was taken. In such case the clerk's record would not be sufficient to support an order of dismissal. If, as in this case, the order of dismissal was based solely on the clerk's record, the error thus made would be within the broad definition of clerical error, which may be corrected after the term."

Considering the motions on their merits, under the circumstances here disclosed, I think that these cases are still alive, and that plaintiffs had a right to rely upon defendant's stipulations that the cases would "be restored" to the calendar. Because of such stipulations, the cases should not have been placed ·on the calendar for dismissal under rule 38, and the action in so doing was a "clerical error." I am therefore of the opinion that the orders of dismissal of March 5, 1934, should be vacated.