## UNITED STATES FIDELITY & GUARANTY CO. v. HELM.*

No. 8134.

Circuit Court of Appeals, Ninth Circuit.

June 30, 1936.

Ford & Johnson, of San Francisco, Cal., for appellant.

John L. McVey, of Oakland, Cal., and Walter H. Linforth, Wm. M. Cannon, and Jesse H. Miller, all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and HANEY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order vacating an order of dismissal of a complaint stating a cause of action against the United States Fidelity & Guaranty Company on its automobile liability and property damage insurance policy, pursuant to which certain obligations for injuries to plaintiff's person and property had been incurred by the defendant. This dismissal was made by the court on its own motion under rule 38 of the District Court for the

*Rehearing denied — F.(2d) —.

Northern District of California, reading as follows:

"Rule 38.—*Dismissal for Want of Prosecution Generally.*

"Causes. which have been pending in this Court for more than one year without any proceedings having been taken therein during such year shall be dismissed, as of course, for want of prosecution by the Court on its own motion, at a general calling of a calendar at the beginning of a term prepared for the purpose by the Clerk. * * *"

■■■ The case was at issue and had been set down on the trial calendar for the 23d day of August, 1932. On the 20th day of August, 1932, the case was dropped from the calendar by stipulation signed by both parties, as follows:

"The plaintiff being desirous to take the deposition of witnesses absent from the State of California,

"It is stipulated that the above entitled action may be dropped from the trial calendar to be restored upon notice of motion to be served upon counsel for the parties.

"Dated: August 19, 1932."

For several succeeding days prior to March 5, 1934, there was published in the "Recorder," a daily legal publication in the city and county of San Francisco, the official organ of the District Court, and a paper subscribed to and delivered to the attorneys for the plaintiff, the court calendar of the said court, in which the following notice, given by said court on its own motion, appeared:

"Specially Set, March 5, 1934
"Law and Motion Calendar

"For dismissal pursuant to Rule 38 of the Rules of this Court:

"14. Helm v. U. S. Fidelity & Guar. Co., No. 19106; Cannon et al., Ford et al."

On March 5, 1934, pursuant to said published call calendar neither party in said action appearing, the court made its order as follows:

"No one appearing on behalf of either party, it is ordered that the cause be and the same is hereby dismissed without prejudice for want of prosecution under Rule 38 of this Court."

This order was duly entered in the minutes of the court by its clerk on March 5, 1934; on the same date there was entered by the clerk on the docket of actions of the court the following:

"March 5, 1934. Order cause dismissed without prejudice under Rule 38."

The terms of this court as fixed by statute are the first Monday in March, the second Monday in July, and the first Monday in November of each year. 28 U.S.C.A. § 145.

On the 21st day of August, 1934, that is in the term succeeding the order of the dismissal, affidavits supporting a motion to vacate and set aside the order of the dismissal were filed and the motion made thereon was, on October 14, 1935, granted by the District Court and dismissal ordered vacated. It is from this order of vacation that this appeal is prosecuted.

It appears from the affidavits in the motion to set aside the order of dismissal that between August 19, 1932, and the judgment of dismissal, no proceedings had been taken in the court either of record in the court or outside the court in which both the parties participated. The affidavits show only that during the period between August 20, 1932, and March 5, 1934, that is to say, one year and seven months, the plaintiff's attorneys, acting on behalf of their client, had been attempting to locate certain witnesses to establish their client's case. The case was at issue on March 7, 1932; thus two years prior to dismissal had expired since the parties were at issue, during which the plaintiff had been unable to locate his witnesses.

It is entirely proper that rules of court should be strictly enforced against such delays. In that period the opposing party's witnesses may disperse, real evidence may be lost, and the memories of the witnesses produced certain to fade in the accuracy of their recollection. These are among the principle reasons for the axiom, "Justice delayed is justice denied."

This case falls within our decision in Dillon v. United States (C.C.A.-9) 29 F. (2d) 246. It is clearly distinguishable from Fidelity & Deposit Co. of Maryland v. MacGruer (C.C.A.-9) 77 F.(2d) 83, where the clerk placed the case on the calendar although he was aware of the pendency of proceedings participated in by both counsel before a commissioner to whom had been referred the question of damages. In the case now before us the clerk had before him the stipulation dropping the case from the calendar and no information of any proceedings between the parties outside the court's record and, as the. facts appear,

could have no knowledge of such proceedings because there were none. In no sense can it be contended that the clerk committed a clerical error or that the action of the court in vacating the judgment of dismissal was based on any clerical error.

The judgment for the dismissal of the cause without prejudice having been set aside upon a motion made after the term expired is final, and the order vacating the dismissal is reversed.

Reversed.