### NEW ENGLAND FURNITURE & CARPET CO. v. UNITED STATES.

### No. 1683.

District Court, D. Minnesota, Third Division.

Dec. 31, 1931.

See, also, 2 F. Supp. 650.

Stevens, Stevens & Maag and L. F. Wing, all of Minneapolis, Minn., for plaintiff.

M. W. Goldsworthy, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for the United States.

NORDBYE, District Judge.

The above matter came before this court on the 28th day of September, 1931, at Minneapolis, Minn., on a motion for an order vacating an order hereinbefore entered dismissing said action; Stevens, Stevens & Maag and L. F. Wing appearing on behalf of plaintiff in support of said motion, and M. W. Goldsworthy, Special Attorney, Bureau of Internal Revenue, appearing on behalf of the defendant.

This action was commenced on March 30, 1927, for the recovery of income and excess profit taxes which plaintiff contends were paid by it in error and without taking the full credits allowed to it by law. No answer has ever been filed in this action, though the parties entered into a stipulation extending the time to answer to June 30, 1927. No notice of trial was ever served. Negotiations were pending in the Treasury Department for an adjustment, and both parties deemed it advisable to abide the action of the Treasury Department before proceeding to trial. Another action entitled "New England Furniture & Carpet Company, a Corporation, v. Levi M. Willcuts, as Collector of Internal Revenue," was commenced at the same time, and sought to recover the same relief as prayed for in this action. [See (D. C.) 55 F. (2d) 983.]

The rules of the United States District Court for the District of Minnesota perti-

nent to the question presented on this motion are as follows:

### "Rule 15.—Trial Calendar

"1. At least eight days before any term of court, a party desiring a cause to be placed on the calendar for trial or argument, shall file with the clerk a notice of trial, designating the term at which the cause is to be tried and containing the title of the action and the names of the attorneys, with proof of service thereof upon the opposing counsel; and no cause (except such as have been continued) shall be placed on the calendar unless such notice of trial is filed as aforesaid.

"2. All cases on the trial calendar shall remain thereon until the issues then joined are determined, except that cases which remain upon the trial calendar two terms without being heard or tried, shall, when the next calendar is made by the clerk, be left off, unless another notice of trial is filed and served, as in cases going on the calendar for the first time.

"3. All cases which have been at issue for one year or more, or in which no advancement has been made in the pleadings for a period of one year, shall be placed upon the calendar by the clerk, upon 30 days' notice to all counsel of record, and such cases shall be either tried or dismissed, unless the court, for good cause shown, shall order some other disposition.

"4. The clerk shall, as early as practicable before each term, prepare a calendar of all cases proper to be placed upon the calendar for that term, and, before the commencement thereof, he shall mail a notice to counsel in each case that such case will be upon the calendar."

On October 26, 1928, notice was sent by the clerk of court to the attorneys in this case notifying the parties to appear on November 7, 1928, and show cause why said case should not be forthwith finally disposed of by entry of judgment or decree, or other appropriate action. On November 7, 1928, this case was stricken from the calendar. It, of course, had never been placed upon the calendar by the parties, but was called on that day in pursuance to the order to show cause that was issued on October 26, 1928. No advancement was made in the pleadings, and on October 25, 1929, a similar order was issued and served returnable November 5, 1929. This action on the part of the clerk apparently occasioned a letter to be written by the attorney for the Bureau of Internal Revenue, copy of which is as follows:

"Treasury Department
"Bureau of Internal Revenue

"Washington

"424 Post Office Bldg.,
"Saint Paul, Minnesota,
"October 29, 1929.

"MRG/OTT

"Llewellyn F. Wing, Esq., 1100 Builders Exchange, Minneapolis, Minnesota.

"In re: New England Furniture & Carpet Company v. Willcuts, No. 1684 Law, and New England Furniture & Carpet Company v. The United States of America, No. 1683 Law.

"Dear Sir: Reference is made to the above entitled cases and to your letter of October 28, 1929, in regard thereto. You are informed that there is no desire upon the part of the District Attorney's office to press these cases for trial so long as there is a possibility of the same being settled in Washington.

"We are enclosing herewith original and copies of two stipulations, and if they are agreeable to you we would request that you sign the originals and return them to this office so that the same may be filed with the Clerk of the Court. It is felt that the statements in these stipulations will better inform the Court as to the situation existing in these cases than the two that were forwarded by you.

"Respectfully,
"M. W. Goldsworthy
"Special Attorney
"Encls.          Bureau of Internal Revenue."

In pursuance to that letter, a stipulation was entered into, and the one entered into in the case now under consideration reads as follows:

"United States District Court
"District of Minnesota
"Third Division
"No. 1683

"New England Furniture & Carpet Company, a corporation, Plaintiff, v. The United States of America, Defendant

"Stipulation

"It is hereby stipulated and agreed by and between the parties hereto, through their respective attorneys, that this case may be continued generally, pending an investigation by the Treasury Department of certain facts with regard to the issues in this case. It is further stipulated and agreed that should the Treasury Department again reject the

650

claim of the plaintiff herein, the defendant shall have thirty days in which to plead after the receipt of a written notice of rejection by the plaintiff's attorneys.

"Llewellyn F. Wing, of Minneapolis, Minn.,
"Attorneys for Plaintiff ·
"Lewis L. Drill, of St. Paul, Minn.,
"Attorney for Defendant."

This stipulation was filed November 2, 1929, and was duly entered on the docket of the clerk of this court.

█ The stipulation filed by the parties attempting to continue this case generally did not prevent the clerk from sending notice as provided by section 3 of Rule 15, in that there had been no advancement in the pleadings for more than one year, and no order was made by the court approving the stipulation of continuance, the parties having merely signed the stipulation and filed it with the clerk of court.

██ Plaintiff now seeks to have the order dismissing this action on April 1, 1930, vacated. This motion was brought in September, 1931. The term in which the order was made dismissing the action has long since expired. Consequently, it is quite clear that in this action this court has lost jurisdiction. The facts of this case come within the general rule as set forth in Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797, and not within any of the exceptions to the rule. For a more complete discussion of the law pertaining to the exception to the rule, the parties are referred to the decision in the companion case, No. 1684, which is filed simultaneously herewith. New England Furniture & Carpet Co. v. Willcuts (D. C.) 55 F.(2d) 983. The facts surrounding the dismissal of case No. 1684, however, markedly differ from the facts of the case at bar. There is no clerical error in this case. The court obtained jurisdiction by virtue of its order to show cause issued October 25, 1929. Consequently, the continuance from November 5th to April 1st was made in pursuance to the authority vested in the court by section 3 of rule 15 of the court rules. There is an entire absence of any clerical mistake, error, or default cognizable by the writ of error coram nobis. The court, therefore, is of the opinion that in this case it has lost jurisdiction, and that it has no other alternative but to deny the motion. It may well be that plaintiff was lulled into security by the stipulation for continuance, and the facts presented might justify a court of equity in granting the relief prayed for.

Upon all the files and records herein, it is therefore ordered that plaintiff's motion be, and the same hereby is, denied, without prejudice, however, to plaintiff proceeding by a bill in equity.