## MUTUAL INV. CORPORATION v. HAYS et al.

### No. 1436—6080.

Commission of Appeals of Texas, Section B.

April 19, 1933.

A. H. Lumpkin and Saunders, Saunders & Whipple, all of San Antonio, for plaintiff in error.

Hertzberg & Kercheville, of San Antonio, for defendants in error.

LEDDY, Judge.

Plaintiff in error, the Mutual Investment Corporation, brought this suit against defendant in error C. L. Quig to recover principal, interest, and attorneys' fees on a promissory note. executed by the latter for the sum of $1,578.16, and to foreclose a chattel mortgage on an automobile given to secure the payment of said note.

Plaintiff in error obtained possession of the automobile covered by the mortgage under a writ' of sequestration, issued at its instance, and the defendant in error Quig replevied the same. The replevy bond was in the sum of $2,000 executed by Quig as principal and E. M. Hays and Stephen Bettley as sureties.

The case was tried by the court without a jury. Plaintiff in error elected to prove the value of the automobile at the time of the execution of the replevy bond as provided in article 6852, R. C. S. 1925. In order to ascertain the damage to the car while in the possession of the defendant in error, plaintiff in error proved the value of the automobile as of the date of the trial.

The trial court rendered judgment in favor of plaintiff in error against defendant in error Quig, and the sureties on his replevy bond for the sum of $1,420.79, with a foreclosure of its mortgage lien on the automobile. It appears from the judgment the court determined that the reasonable market value of said automobile at the time of the execution of the replevy bond was the sum of $1,500, and that at the time of the trial such value was $650. It was provided in said judgment that, if the automobile should be surrendered to the sheriff within ten days from the date of the rendition of the judgment, the judgment against the sureties on the replevy bond should be reduced in the sum of $650, the reasonable value of the mortgaged property at the time of the trial, and that the balance of the judgment in the sum of $770.78 should be collected against sureties as under execution. The judgment directed the sheriff to seize the automobile and sell the same as under execution, and that, if the proceeds of such sale should be insufficient to satisfy the judgment, then the officer executing such writ was ordered to make the balance remaining unpaid out of any other property of defendant in error Quig "or his bondsmen."

The trial court did not file findings of fact or conclusions of law, and the record does not contain any statement of the facts proven upon the trial.

The Court of Civil Appeals held that no judgment was authorized against the sureties on the replevy bond. It reversed the judgment of the trial court as to said sureties, and rendered judgment in their favor. The basis for the ruling made by the Court of Civil Appeals appears from the following quotation from its opinion: "It would be manifestly unjust to render judgment against the sureties for the balance of the debt when the property has been foreclosed upon and taken possession of by the plaintiff. The property in the present case had been returned by the sureties, at least it was in the possession of appellee, and the sureties had fully complied with all conditions of their bond. We conclude that no judgment under the circumstances should have been rendered against the sureties on the replevy bond."

We fail to find anything in the record justifying the finding made by the honorable Court of Civil Appeals that the automobile had been returned by the sureties to the plaintiff in error, and that there was full compliance by the sureties on the replevy bond with all of the conditions of the bond. As before stated, the transcript contains no findings of fact nor is there a statement of facts accompanying the record. The transcript consists merely of the petition, upon which the case was tried, the answer of the defendant, the judgment of the court, and the proceedings incident to the suing out of the writ of error. There is nothing whatever in the record showing that the sureties on the replevy bond have fully complied with the conditions of their bond. Even if it be assumed that the automobile was delivered to the sheriff within the time required by law, still we think that part of the judgment of the trial court awarding plaintiff in error a recovery against the sureties for the damage to the car between the date of the execution of the replevy bond and the date of the trial should be sustained.

Defendant in error insists that under the statute authorizing the replevy of personal property which has been sequestered the sureties on a replevy bond are not liable for depreciation in the property incident to ordinary use. Assuming, without deciding, that this is a proper interpretation of the statute, the judgment of the court does not disclose that the damage to the car, while the same was in the possession of the defendant in error Quig, was occasioned by ordinary use.

■ It is an elementary rule that in the absence of facts to the contrary an appellate court will assume that the trial court had before it and passed upon all the facts necessary to authorize it to render judgment in the manner and form as rendered. Cabell v. Floyd, 21 Tex. Civ. App. 135, 50 S. W. 478; Schulte et al. v. Republic Sup. Co. (Tex. Civ. App.) 297 S. W. 667; Griffith v. Reagan (Tex. Civ. App.) 114 S. W. 1167; Sutherland v. Cabiness (Tex. Civ. App.) 146 S. W. 331.

■■ The trial court adjudged "that at the time of said replevy said automobile was of the reasonable market value of $1,500, and that $650 is its reasonable market value at the present time." If it were essential for the trial court to have determined that there was special damage to the automobile, not attributable to ordinary use, in the absence of the testimony proven upon the trial, it must be assumed that there was evidence adduced showing the depreciation in the value of the car was due to special or unusual damage, and not to that occasioned merely by ordinary use. To hold otherwise would be to strike down a judgment by presumption. While a judgment, in the absence of the evidence upon which it was rendered, will be sustained by presumption, it will never be rendered invalid by presumption.

■ The judgment of the court is erroneous wherein it authorizes a deficiency judgment against the sureties on the replevy bond after the automobile has been returned to the sheriff and sold under the mortgage foreclosure.

It is not necessary to reverse the judgment of the trial court because of this erroneous provision. The judgment will be reformed so as to award a recovery against defendant Quig and the sureties on the replevy bond for the amount found by the trial court with a foreclosure of plaintiff's mortgage on the automobile described therein with the proviso that, if defendant Quig shall deliver said automobile to the sheriff within ten days from date of final judgment herein, the judgment against the sureties on the replevy bond shall be credited with the sum of $650, and execution will issue against all of the defendants, for any balance of the judgment remaining unpaid, after crediting thereon the proceeds of the sale of the automobile under foreclosure. The judgment will further provide that, if defendant Quig shall fail to deliver said automobile to the sheriff within the time specified, said officer shall seize and sell the same as under execution and credit the proceeds of such sale upon plaintiff's judgment and any balance remaining unpaid shall be made out of all the defendants as under execution. No costs shall be assessed against the sureties on the replevy bond.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the district court be reformed as above indicated and, as so reformed, that it be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is reformed, and as reformed is affirmed, as recommended by the Commission of Appeals.