Argued June 6, reversed and remanded July 31, 1963

# AINSWORTH *v.* DUNHAM
384 P. 2d 214

*Carl R. Neil*, Portland, argued the cause for appellant. With him on the briefs were Krause, Lindsay & Nahstoll, Portland.

*Hugh B. Collins*, Medford, argued the cause for respondent. On the brief were Collins, Redden & Mullen, Medford.

Before PERRY, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

DENECKE, J.

The only question presented is whether or not a judgment should be set aside for the reason that the defendant and his attorney had no notice of the trial and were not present at the trial.

ORS 18.160 provides:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

This is an action for attorneys fees in Jackson county. A Coos county firm, from Coos Bay, represented the defendant. Later, the present attorneys for the defendant, here referred to as the Krause firm, located in Multnomah county, became associated with the Coos Bay firm in the defense. Shortly thereafter the Coos Bay firm withdrew as attorneys for defendant, leaving the Krause firm as the sole attorneys for

defendant. The withdrawal was approved by an order of the trial court. The argument is made that either the Coos Bay firm or an individual attorney of such firm remained or again became one of the attorneys for the defendant. The record reveals that such argument has no reasonable basis.

· The case was initially set for trial July 10, 1962. On May 28, 1962, the trial court made the following order:

> "It is ordered that trial of this action, heretofore set for July 10, 1962, is postponed to be reset at a later date hereafter to be determined by the court."

On the first Monday in June the case was set for trial on September 5, 1962. This trial setting appears on the mimeographed trial calendar prepared shortly thereafter by the clerk. For reasons unknown this calendar carries the Coos Bay firm as attorneys for defendant. (The previous calendar carrying the July 10 trial date carried only the Krause firm as attorneys for defendant.) A copy of this calendar was mailed to the Coos Bay firm and received by them. The Krause firm received no notification from anyone.

On the first Monday of July the case was again set for September 5, 1962, and the calendar again carried the Coos Bay firm as attorneys for defendant. Such firm received a copy of the calendar but the Krause firm received no notice from any source.

The defendant and his counsel did not appear at the trial on September 5, 1962. The action was tried before the court without a jury. The court examined plaintiff and thereafter entered findings and a judgment in the amount prayed for in the complaint. A copy of this judgment was sent to the Krause firm.

Thereafter, on September 11, 1962, defendant filed a motion to set aside the judgment because it was made "because of the inadvertence and excusable neglect of defendant's attorneys." The trial court refused to set aside the judgment, relying largely upon local rules of practice.

The published rules of the Circuit Court for Jackson County provide:

"* * * on the FIRST MONDAY of each calendar month thereafter, at the hour of 9:00 o'clock a.m., the court shall take from the said ACTIVE LIST the cases to be set for trial for the following calendar month.

"It shall be the duty of the calendar clerk, as each case becomes at issue on a question of fact, to notify by postal the attorneys, or parties if not represented by an attorney, that said case has been entered upon the ACTIVE LIST and that the same, at the next docket day, may be set for trial.

"Promptly as and when such notice is given, the calendar clerk shall enter upon said ACTIVE LIST the date such notice was given and the said ACTIVE LIST shall be open to inspection of the attorneys and parties involved, and no other notice of the time fixed for the setting of such case shall be given.

"It shall be the duty of the attorneys, or parties if not represented by an attorney, to attend court on the docket day and time when such case may be set for trial in accordance with this rule.

"As and when a case is set for trial, the calendar clerk shall promptly enter upon the ACTIVE LIST the date and time set for the trial of each case, and no further notice of the time so set for such trial shall be required or given to any attorney or party; *except, however, in event any attorney residing without the county of Jackson shall not have appeared when such case has been so set for trial,*

*the clerk shall notify such attorney by postal of the date set for such trial. Such notice to be given promptly when such case is so set and note thereof made in the ACTIVE LIST."* (Emphasis added.)

In a written opinion the trial court ruled that such rules require all counsel, residing in or out of the county, to be present on the first Monday of the month at such trial setting or, if they are not, they have the duty to inquire what action was taken at such trial settings.

The trial court further stated that the portion of the court rules above italicized is "a matter of courtesy only and not a provision which released defendant from his obligation to keep advised of the status of the case and its setting for trial."

■ The interpretation of its local rules and the conduct of the proceedings before it are ordinarily matters that should be left to the trial court. Here, however, we feel compelled to interfere and reverse the action of the trial court.

■ Neither the Krause firm nor the defendant had any notice of the trial. The Coos county firm were no longer attorneys for defendant when they received the notices of the September trial date. Their failure to transmit this information cannot be attributed to defendant. We hold that the Krause firm was reasonable in believing that under the Jackson county rules and practice it was not necessary for them to be present on the first Monday of the month or to make inquiry of any action taken and that they would be notified by mail of any trial setting. Therefore, they were not guilty of any inexcusable neglect and the judgment should be set aside.

This court spoke more positively in *Bratt v. State Industrial Acc. Com.,* 114 Or 644, 236 P 478. There,

the trial court's refusal to set aside a judgment based upon a trial of which the defendant was not notified was reversed. That trial court also had a rule which provided that if the attorneys were not present at the time the trial date was fixed, notice would be sent to the attorneys. The court quoted with approval from *Hughes v. Jackson,* 12 Md 450 at 463 (1858), as follows:

" 'Where a Court has established rules for its government and that of suitors, there exists no discretion in the Court to dispense at pleasure with their rules, or to innovate on established practice. * * *' " (at 647)

■ The trial court here also stated its belief that the affirmative defenses of defendant did not constitute a defense and the defendant had no meritorious defense. The answer denied most of the material allegations of the complaint; therefore, there were issues of fact. Regardless of the court's views of the merits of the case or how vexatious a party's conduct has been, he is entitled to notice of trial and thus the opportunity to present his side of the controversy.①

In the course of oral argument on this appeal the attorney for the plaintiff was asked if he had attempted to telephone the Krause firm when no representative appeared at the time set for trial. He replied that he had not, but that his normal practice was to do so under such circumstances. He further stated that he did not do so here because the defendant, by the Krause firm, was suing his client for legal malpractice and, therefore, he felt no obligation to extend any courtesies. He further answered that his

---

① Cf. Korlann v. Belton, 236 Or 23, 384 P2d 210, 386 P2d 664, decided this date.

client was not disposed to extend any courtesies to the opposing attorneys and he questioned whether it was ethical to attempt to contact opposing counsel in view of the accepted ethical admonition to put one's client's cause foremost.

■ Counsel's candid answers are appreciated. We disagree, however, with his views on an attorney's duties and ethics. We approve of the following sections of the Code of Trial Conduct of the American College of Trial Lawyers pertaining to this subject:

> "13. The lawyer, and not the client, has the sole discretion to determine the accommodations to be granted opposing counsel in all matters not directly affecting the merits of the cause or prejudicing the client's rights, such as extensions of time, continuances, adjournments and admission of facts. In such matters no client has a right to demand that his counsel shall be illiberal or that he do anything therein repugnant to his own sense of honor and propriety.

> "14. (a) * * * When he knows the identity of a lawyer representing an opposing party, he should not take advantage of the lawyer by causing any default or dismissal to be entered without first inquiring about the opposing lawyer's intention to proceed.

> "(b) A lawyer should avoid disparaging personal remarks or acrimony toward opposing counsel, and should remain wholly uninfluenced by any ill feeling between the respective clients. * * *"

Reversed and remanded.