■ ALVIN S. MIOT, Respondent, v. JoCARL REALTY CORP. et al., Appellants.— In an action to recover damages for personal injury, both defendants appeal from an order of the Supreme Court, Kings County, dated April 3, 1962, which granted plaintiff's motion to vacate the prior orders dismissing the complaint against the defendants for lack of prosecution, on condition that plaintiff pay to each defendant $25 for its expenses. As to the defendant Conacchio: Order of April 3, 1962, reversed, without costs, and plaintiff's motion to vacate the prior order dismissing the complaint as to said defendant denied. As to the defendant JoCarl: Order of April 3, 1962 modified by striking out the provision imposing the condition that plaintiff pay to said defendant $25 for its expenses; and as so modified, order affirmed, without costs, as to said defendant. With respect to the defendant Conacchio: In our opinion, the unreasonable excuses offered for trial counsel's two defaults, and the absence of any excuse for the delay of five months in moving to vacate the dismissal order, constituted persistent wrongful conduct in disregard of the rules governing the course of litigation. With respect to the defendant JoCarl: The original dismissal order was jurisdictionally void for it was based on insufficient notice of motion, seven days' notice having been given instead of the eight days requisite here (Civ. Prac. Act, § 164; Rules Civ. Prac., rule 60; *Morabito* v. *Champion Swimming Pool Corp.*, 18 A D 2d 706; *Silverman* v. *Silverman*, 261 App. Div. 1106). Hence, the order appealed from properly vacated such void dismissal order. However, under the circumstances, the void dismissal order should have been vacated unconditionally. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.