

# NUMBER 13-20-00093-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **STEPHEN CARRIGAN,** | **Appellant,** |

**v.**

| | |
|---|---|
| **WILLIAM R. EDWARDS, THE EDWARDS LAW FIRM AND JO EMMA ARECHIGA,** | **Appellees.** |

**On appeal from the 319th District Court
of Nueces County, Texas.**

# ORDER

**Before Chief Justice Contreras and Justices Longoria and Perkes[1]
Order Per Curiam**

This is an appeal of a judgment confirming an arbitration award. On November 5,

2020, pursuant to appellees' motion to dismiss, we issued a memorandum opinion and

---

[1] The Honorable Gregory T. Perkes, former Justice of this Court, was a member of the panel at the time this case was submitted but did not participate in this order because his term of office expired on December 31, 2020.

judgment dismissing the appeal for want of prosecution. *Carrigan v. Edwards*, No. 13-20-00093-CV, 2020 WL 6504418, at *2 (Tex. App.—Corpus Christi Nov. 5, 2020, pet. denied) (mem. op.); *see* TEX. R. APP. P. 38.8(a)(1), 42.3(b), 43.2(f). The judgment assessed costs of the appeal against appellant. *See* TEX. R. APP. P. 43.4. No party filed a timely motion for rehearing or en banc reconsideration; therefore, our plenary power over the judgment expired on January 4, 2021. *See* TEX. R. APP. P. 19.1(a). We then issued our mandate on January 22, 2021. *See* TEX. R. APP. P. 18.1.

On February 4, 2021, appellants filed a motion with the Texas Supreme Court seeking additional time to file a petition for review with that Court. That motion was granted on February 8, 2021. Appellants filed a second motion for extension of time with the Texas Supreme Court on February 9, 2021; that motion was granted on February 10, 2021.[2]

On February 16, 2021, appellees filed with this Court a "Motion to Modify/Correct Mandate" arguing that our mandate "fails to comply" with Texas Rule of Appellate Procedure 43.5 because it did not "render judgment against The Hanover Insurance Company [Hanover] as surety on the appellant's supersedeas bond." *See* TEX. R. APP. P. 43.5. On February 18, 2021, we withdrew our mandate and dismissed appellee's "Motion to Modify/Correct Mandate" as moot.

The cause is now before this Court on appellees' "Second Motion to Modify/Correct Mandate and Bill of Costs," filed on April 30, 2021. In this motion, appellees again ask us to modify or correct our mandate to render judgment against Hanover as surety on

---

[2] Appellant eventually filed his petition for review on March 18, 2021. The Texas Supreme Court denied the petition on April 23, 2021. Appellant filed a motion for rehearing with the Texas Supreme Court on May 10, 2021, which remains pending.

appellant's supersedeas bond. Appellees also ask us to "amend or revise the bill of costs to properly reflect the taxable costs incurred by Appellees in this appeal." In support of the motion, appellees attached a copy of an "Appeal Bond," dated August 4, 2020, showing that Hanover agreed to be jointly and severally liable on the underlying judgment against appellant until and unless appellant "diligently prosecute[s] its appeal to a decision" and "promptly perform[s] and satisf[ies] the judgment," at which point the "obligation will be void." Also attached to the motion was an affidavit by a paralegal for appellees' counsel: (1) stating that appellees' counsel's office incurred $1,384.16 in expenses for the preparation and filing of the clerk's and reporter's records in the appeal, and (2) attesting to the authenticity of the "Appeal Bond."

The rules of appellate procedure require the Clerk of this Court to issue a mandate "in accordance with the judgment" ten days after the time to file a motion for rehearing of a denial of a petition for review, "if no timely filed motion for rehearing or motion to extend time is pending." TEX. R. APP. P. 18.1(a)(2). Here, we have withdrawn our original January 22, 2021 mandate, and we have not yet issued another mandate, because appellant has filed a motion for rehearing of the Texas Supreme Court's denial of his petition for review, and that motion remains pending in that Court. *See id.* Because our mandate, if and when issued, must be "in accordance with the judgment," *id.*, we construe appellees' request to modify the mandate as a motion to modify our judgment.

As noted, our plenary power over our November 5, 2020 judgment expired sixty days after the judgment was rendered, on January 4, 2021. *See* TEX. R. APP. P. 19.1(a). After our plenary power expires, we cannot vacate or modify our judgment, but we may "correct a clerical error" therein. TEX. R. APP. P. 19.3(a). The modification which appellees

3

seek here is not the correction of a clerical error. A clerical error is a "mistake[] or omission[] that prevented the judgment as entered from accurately reflecting the judgment that was rendered." *Universal Underwriters Ins. v. Ferguson*, 471 S.W.2d 28, 29–30 (Tex. 1971). Before appellees filed their first motion to modify on February 16, 2021, this Court had no reason to suspect that a supersedeas bond had been filed.[3] The Court had no basis upon which to render judgment against a surety at the time we rendered judgment, at the time our plenary power expired, or at the time we issued our original mandate. Therefore, our failure to render judgment against Hanover in the judgment is not a clerical error.

Even if we retained plenary power over the November 5, 2020 judgment, appellees' argument would lack merit. Texas Rule of Appellate Procedure 43.5 provides:

> When a court of appeals affirms the trial court judgment, or modifies that judgment and renders judgment against the appellant, the court of appeals must render judgment against the sureties on the appellant's supersedeas bond, if any, for the performance of the judgment and for any costs taxed against the appellant.

TEX. R. APP. P. 43.5. In this case, we dismissed the appeal for want of prosecution; we did not affirm the trial court's judgment or modify it and render judgment against appellant. *See* TEX. R. APP. P. 43.2 (defining types of judgment); *Carrigan*, 2020 WL 6504418, at *2. Therefore, even if we were apprised of the existence of a supersedeas bond before our plenary power expired, Rule 43.5 would not compel us to render judgment against Hanover.[4]

---

[3] No supersedeas bond appears in either the original or supplemental clerk's records.

[4] Appellees note in their motion that, under Texas Rule of Appellate Procedure 24.1(d)(1), a surety is liable on a supersedeas bond if the judgment debtor's appeal is dismissed. *See* TEX. R. APP. P. 24.1(d)(1). Appellees omit the second part of that rule, however, which requires a showing that "the debtor does not perform the trial court's judgment." *Id.* Here, there is no suggestion or evidence before the Court that appellant has failed to perform the judgment.

For the foregoing reasons, we lack jurisdiction to consider appellees' request to modify the mandate, which we construe as a request to modify the judgment. Accordingly, appellees' "Second Motion to Modify/Correct Mandate and Bill of Costs" is DISMISSED FOR WANT OF JURISDICTION insofar as it seeks to modify the judgment or mandate. As to appellees' request to modify the bill of costs, we observe that there is no current bill of costs issued in this matter. Thus, appellees' "Second Motion to Modify/Correct Mandate and Bill of Costs" is DISMISSED AS MOOT insofar as it seeks to modify the bill of costs.

PER CURIAM

Delivered and filed on the
19th day of May, 2021.