## THE BANK OF THE COMMONWEALTH OF KENTUCKY *vs.* WISTAR, PRICE, AND WISTAR.

Where the clerk of the court had omitted to enter the judgment of this court, allowing to the defendant in error, on the affirmance of the judgment of the circuit court, interest at the rate of six per centum per annum as damages, and the mandate of this court, although issued, had not been presented to the circuit court; the court ordered the judgment to be reformed, allowing interest at the rate of six per cent. The omission is a mere clerical error.

It is a rule of this court, that where there are no special circumstances, six per cent. interest is allowed upon the amount of the judgment, in the court below. Under special circumstances, damages to the amount of ten per cent are allowed. [432]

Mr Vinton moved to amend the judgment of this court rendered in this cause at the January term of 1829; 2 Peters, 318; by giving to the defendants in error, damages on the judgment at the rate of six per centum per annum, and that the judgment of the court be so reformed.

Mr Vinton stated, that the mandate, though issued, had never been presented to the circuit court, and it was now in this court. Under these circumstances, and as the omission was a mere clerical error, he hoped the motion would prevail.

Mr Bibb, for the plaintiffs in error, objected to the amendment being made, as the whole subject was res adjudicata at the last term; and was not now to be opened. The mandate is a solemn act of the court; it passes under the view of the court, and is the proceeding of the court. The omission it is asked to correct was not a clerical misprison. If, in the course of adjudication in this court, an act of congress should not have been adverted to, would the court, at a subsequent term, open their judgment to correct the error which existed from their disregard of the act? The rules of court are not of higher sanction; and if in the issuing of the mandate that rule which allows interest has not been applied, the court will not go back to reform what has pass-

ed into judgment. Such a proceeding would expose the court and suitors to great inconvenience, and be productive of frequent injustice.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

In the case of the motion to amend the mandate, the court directs the amendment to be made, and the judgment of the court to be reformed, allowing interest at the rate of six per cent. The reason is, that by a rule of this court, when there are no special circumstances, six per cent. interest is allowed upon the amount of the judgment in the court below ; under special circumstances, damages to the amount of ten per cent. are awarded by the court. The omission is deemed by this court a mere clerical error:

On consideration of the motion made by Mr Vinton, of counsel for the defendants in error, in this cause, on a prior day of this term, to amend the judgment of this court rendered in this cause at the January term of this court in the year of our Lord 1829 : to wit, on the 14th day of February of the said last mentioned year, by giving to the defendants in error in said cause on said judgment damages at the rate of six per centum per annum : it is ordered and adjudged by this court that the said judgment of this court of February 14, A. D. 1829, be reformed by the amendment of damages at the rate of six per centum per annum, so that the judgment read thus : " it is adjudged and ordered by this court that the judgment of the said circuit court in this case be, and the same is hereby affirmed, with costs and damages at the rate of six per centum per annum.