## NEW RIVER COLLIERIES CO. v. UNITED STATES.

(District Court, D. New Jersey. July 8, 1924.)

1. **Interest** ⊂⇒39(3)—**Runs from date of judgment entry.**

Judgments in actions at law, under the practice of the federal District Court and the courts of New Jersey, bear interest at the rate of 6 per cent. per annum from date of entry to date of final payment.

2. **War** ⊂⇒14—**Plaintiff entitled to interest from date of judgment for coal requisitioned to date of payment.**

Where subject-matter of action is just compensation for coal requisitioned by navy, plaintiff is entitled to interest from date of entry of judgment to date of payment.

3. **Judgment** ⊂⇒308—**Addition of provision providing for interest held change of form, not substance.**

Where judgment as entered bears interest as a matter of course, addition of a provision expressly providing for interest *held* a change in form, and not in substance.

4. **Judgment** ⊂⇒308—**Never too late to correct form of judgment.**

Where requested amendment to a judgment is one of form only, such as inadvertences, clerical errors, and omissions, it is never too late to correct them.

At Law. Action by the New River Collieries Company against the United States. On rule to amend judgments. Judgments amended.

Ira Jewell Williams, of Philadelphia, Pa., for the rule.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., opposed.

BODINE, District Judge. The judgments obtained in these actions for just compensation for coal requisitioned by the navy were affirmed by the Circuit Court of Appeals (United States v. New River Collieries Co., 276 Fed. 690 [1921]) and by the Supreme Court of the United States (United States v. New River Collieries Co., 262 U. S. 341, 43 Sup. Ct. 565, 67 L. Ed. 1014 [1923]).

[1, 2] The actions were at law, and the judgments were in the usual form, under the practice in this court and the courts of New Jersey. As such, they bore interest at the rate of 6 per cent. per annum from the date of entry to the date of final payment. And, the subject-matter of the actions being just compensation, the plaintiff is undoubtedly entitled to interest to the date of payment. United States v. Rogers, 255 U. S. 163, 41 Sup. Ct. 281, 85 L. Ed. 566; Seaboard Air Line Railway Co. et al. v. United States, 261 U. S. 299, 43 Sup. Ct. 354, 67 L. Ed. 664; Brown et al. v. United States, 263 U. S. 78, 44 Sup. Ct. 92, 68 L. Ed. ——. Brooks-Scanlon Corporation v. United States, 44 Sup. Ct. 471, 68 L. Ed. —— (decided May 12, 1924).

The department, prior to April 1, 1924, refused to certify to the Congress the judgments as entitled to interest from date of entry to date of satisfaction, unless they so specified, relying upon an alleged interdepartmental practice. Such practice, if it exists, and the court is loath to assume that it does, is contrary to the prevailing concept in courts of justice that he who is entitled to a money judgment is entitled to interest upon that judgment until paid. It is further, as sug-

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

gested, contrary to the practice in courts of law, and finds no support in morals.

[3] The plaintiff, however, met by this alleged practice, found it necessary to apply to the court for rules to amend the judgments by adding thereto the words, "together with interest thereon at the rate of 6 per centum per annum from the date of the judgment, viz. April 15, 1921, until the date of payment." To the relief asked, no objection was made at the argument, except that the term had passed, and that therefore the court was powerless to act.

[4] The soundness of this objection depends upon whether the amendment asked for is one of substance or form. If the latter, it is never too late for the court to correct inadvertences, clerical errors, omissions, mere forms in its judgments, and the like. Cameron v. McRoberts, 3 Wheat. 591, 4 L. Ed. 467; Bank v. Wister, 3 Pet. 431, 7 L. Ed. 731; Sibbald v. United States, 12 Pet. 488, 9 L. Ed. 1167; Gagnon v. United States, 193 U. S. 451, 24 Sup. Ct. 510, 48 L. Ed. 745. The power of a court to correct its judgment with respect to the allowance of interest, after the term, was expressly recognized by the United States Circuit Court of Appeals for the Third Circuit in the case of Kahn et al. v. Herold, 163 Fed. 947, 90 C. C. A. 307.

How can the change be regarded as a change in substance? Under the New Jersey law, the judgments as entered bore interest as a matter of course. The subject-matter of the suits was of such a character as to entitle the plaintiff to interest to date of payment under the Constitution of the United States. There is no act of Congress or rule of court, to which our attention has been called, requiring that judgments in commandeering cases must expressly specify interest to date of payment, or that otherwise the claimant will not be entitled to receive same. Such practice is immoral, and can have no legal validity in affecting the scope or interpretation of judgments of this court.

The plaintiff acted promptly when it learned of such departmental practice. No lawyer could conceive of such practice as existing anywhere; hence the plaintiff ably represented could not have known of it. The plaintiff, entitled to just compensation under the Constitution, is entitled to just compensation, which means the sum awarded by the jury, with interest to the date of payment. There can be no valid legal objection to a clarifying of the judgments by writing into them what every lawyer knows. The proper order was therefore the one made, namely:

"And now, to wit, March 24, 1924, the government having made no objection to the relief prayed for, except the alleged want of power in the court to amend the judgments after the term, and the court being of opinion that the amendment prayed for relates to an informality, and hence is within the inherent power of the court to correct at any time, the plaintiff's rule to show cause is made absolute, and the clerk is directed to add to each of the judgments herein the words: 'Together with interest thereon at the rate of 6 per cent. per annum from the date of the judgments, viz. April 15, 1921, until the date of payment.'"