## ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY ET AL. v. SPILLER ET AL.

### MOTION TO AMEND JUDGMENT AND RETAX COSTS.

No. 577, October Term, 1926. Submitted October 3, 1927.—Decided November 21, 1927.

1. Errors in a mandate due to mistake of the clerk may be corrected after expiration of the term at which the judgment was entered. P. 157.
2. The provision of par. 2 of § 16 of the Act to Regulate Commerce, as amended, which exempts the petitioner in a suit to enforce a reparation order from costs in the District Court or " at any subsequent stage." of the proceedings, unless they accrue upon his appeal, is inapplicable to a suit based on a judgment recovered on a reparation order, and brought for the purpose of enforcing an alleged equity or lien against property once belonging to the judgment-debtor carrier, which had been sold on foreclosure. P. 158.
3. Under Rule 29 (3) of this Court, in the absence of specific provision to the contrary, costs are allowed against the defendant in error, appellee or respondent when the judgment or decree below is reversed in part and affirmed in part; and a provision for their payment is properly inserted in the mandate by the clerk. P. 159. Motion to retax costs denied.

Motion to amend the judgment and retax costs in 274 U. S. 304.

*Messrs. E. S. Bailey, Walter H. Saunders, S. H. Cowan, John A. Leahy,* and *David A. Murphy* for respondents, in support of the motion.

*Messrs. Robert T. Swaine, Edward T. Miller, Frederick H. Wood,* and *Alexander P. Stewart* for petitioners, in opposition thereto.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This is a motion by Spiller to amend the judgment of this Court and retax costs in *St. Louis & San Francisco R. R. v. Spiller,* 274 U. S. 304, which was decided on May 16, 1927. The October Term, 1926, closed on June 6. Under Rule 31, the issue of the mandate was necessarily deferred until after the close of the term, as no order shortening the time for issue had been made. It was filed in the office of the clerk of the Circuit Court of Appeals on August 4, 1927. This motion, filed August 22, 1927, was submitted on the first day of this term.

The mandate directed that the petitioners recover $2,219.70 " for their costs herein expended and have execution therefor." The judgment entered by this Court had made no express provision as to costs. It directed merely " that the decree of the said United States Circuit Court of Appeals, in this cause, be, and the same is hereby, affirmed in part and reversed in part; and that this cause be, and the same is hereby, remanded to the District Court of the United States for the Eastern District of Missouri for further proceedings in conformity with the opinion of this Court." The opinion stated: " The decree of the Circuit Court of Appeals is affirmed in so far as it reversed the decree of the District Court dismissing the intervening petition; and is reversed in so far as it directed that the judgment is a prior lien enforceable for the full amount exclusive of counsel fees against the property of the new company," p. 316.

The relief sought does not involve amendment of the judgment entered. The motion is aimed at the alleged mistake of the Clerk in including the direction for the

payment of costs in the mandate. Clerical errors of that nature, if occurring, may be corrected after expiration of the term at which the judgment was entered. Compare *The Palmyra,* 12 Wheat. 1, 10; *Bank of the Commonwealth of Kentucky* v. *Wistar,* 3 Pet. 431, 432; *Jackson* v. *Ashton,* 10 Pet. 480; *Bank of the United States* v. *Moss,* 6 How. 31, 38; *Alviso* v. *United States,* 6 Wall. 457; *Schell* v. *Dodge,* 107 U. S. 629, 630. There is added reason for allowing correction where the clerical error was made during the vacation of the Court.

Was there such an error here? In other words, was the Clerk's action contrary to an applicable statute, or not in keeping with the rules and practice of the Court? The contention most strongly urged by Spiller is that immunity from costs was conferred by par. 2 of § 16 of the Act to Regulate Commerce as amended. Acts of February 4, 1887, c. 104, 24 Stat. 379, 382, 384; June 29, 1906, c. 3591, § 5, 34 Stat. 584, 590; February 28, 1920, c. 91, § 424, 41 Stat. 456, 474, 491. That paragraph, which deals with suits to enforce reparation orders issued by the Interstate Commerce Commission, provides:

" Such suit in the circuit [district] court of the United States shall proceed in all respects like other civil suits for damages, except that on the trial of such suit the findings and order of the Commission shall be prima facie evidence of the facts therein stated, and except that the petitioner shall not be liable for costs in the circuit [district] court nor for costs at any subsequent stage of the proceedings unless they accrue upon his appeal. If the petitioner shall finally prevail he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit."

The argument is that this suit is a " subsequent stage " of the action against the carrier commenced by Spiller in the District Court for western Missouri and prosecuted

there to final judgment. This proceeding arises out of the same cause of action which was the basis for the reparation order and for that action. But it is, in no sense, an "appeal" of the action brought in the Western District. In that action Spiller "finally prevailed" in 1920, when the judgment *in personam* recovered against the carriers in the District Court for western Missouri was reinstated by this Court. *Spiller* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 253 U. S. 117. This proceeding is a new and independent one. It is directed at parties other than the carriers against whom the reparation order and that judgment issued. It is a petition based on that judgment, filed in the receivership proceedings pending in the District Court for eastern Missouri, and seeks to enforce an alleged lien or equity against property which once belonged to the carrier and which passed upon foreclosure sale to other parties. If this were, as contended, "a subsequent stage" of the original action, Spiller would have been entitled in this proceeding to an "attorney's fee, to be taxed and collected as a part of the costs." The Circuit Court of Appeals denied recovery in this case even of the attorney's fees forming a part of the judgment recovered in the Western District. That ruling was acquiesced in by Spiller; and, in this respect, the judgment was affirmed by this Court. 274 U. S. 304, 316. The purpose of Congress in making the provision concerning costs was to discourage harassing resistance by a carrier to a reparation order. It was not to deny in independent litigation against third persons a customary incident of success. What the Clerk did was not contrary to any provision of the Act to Regulate Commerce.

The question remains whether the Clerk was justified by rule and practice in inserting in the mandate the direction concerning costs. Prior to the January Term, 1831, costs were seldom allowed in this Court upon a

reversal. But see *Turner* v. *Enrille*, 4 Dall. 7, 8; *Wilson* v. *Mason*, 1 Cr. 45, 102; compare Mr. Justice Baldwin, 5 Pet. 724. Rule 37, adopted at that term, made each party chargeable with one-half of the legal fees for a copy of the printed record. 5 Pet. 724. Compare *McKnight* v. *Craig's Adm'r*, 6 Cr. 183, 187; and Rule 22, adopted at the February Term, 1810, 1 Wheat. xvii. Rule 47, adopted at the January Term, 1838, provided that in all cases of reversal, except for want of jurisdiction, costs shall be allowed in this Court to the plaintiff in error or appellant, unless otherwise ordered by the Court. 12 Pet. vii. Rule 24 (3) of the Revised Rules adopted at the December Term, 1858, eliminated the exception concerning reversals for want of jurisdiction. 21 How. xiv. The rule as then revised has remained in force ever since without substantial change. See 108 U. S. 587; 222 U. S. Appendix 29. It is now embodied in Rule 29 (3) of the Revised Rules adopted June 8, 1925. 266 U. S. 675. At no time has the rule expressly prescribed whether costs shall be allowed when the judgment or decree below is reversed only in part. But it has long been the practice of the Clerk to insert in the mandate, in such cases, the provision for payment of costs by the defendant in error, appellee or respondent, in the absence of specific direction by the Court. The acquiescence of the Court in this practice has operated to give effect to it as a practical construction of the rule. We are of opinion that the rule was properly applied in this case. Compare *Baldwin* v. *Ely*, 9 How. 580, 602. Therefore, there has been no clerical error for us to correct.

*Motion denied*