COYLE LINES, Inc. v. UNITED STATES.

UNITED STATES v. COYLE LINES, Inc.

No. 13777.

United States Court of Appeals
Fifth Circuit.

July 24, 1952.

Selim B. Lemle, New Orleans, La., for appellant.

Joseph V. Ferguson, II, Dist. Counsel, U. S. Maritime Administration, Lansing L. Mitchell, Asst. U. S. Atty., New Orleans, La., for appellee.

Before SIBLEY, RUSSELL, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Neither the opinion nor the judgment is clear as to the taxation of the costs of these appeals, though we think that the necessary implication of the opinion is that the costs on appeal should be taxed against the United States.

The opinion and judgment were rendered April 10, 1952. 5 Cir., 195 F.2d 737. On June 13, 1952, the issuance of the mandate was stayed pending the decision of the United States on whether to petition the Supreme Court for writ of certiorari. In that state of the case this Court still has jurisdiction and authority to direct the entry of the proper judgment, including the taxation of the costs of appeal. St. Louis & San Francisco R. R. Co. v. Spiller, 275 U.S. 156, 48 S.Ct. 96, 72 L.Ed. 214; Bank of Kentucky v. Wistar, 3 Pet. 431, 28 U.S. 431, 7 L.Ed. 731; Brooks v. Burlington Railroad Co., 102 U.S. 107, 26 L.Ed. 91.

Costs against the United States may be imposed only to the extent expressly permitted by law, 28 U.S.C.A. § 2412(a), Rule 31(4) of this Court.

This action was brought against the United States under the authority of

the Act of Congress known as the Suits in Admiralty Act of March 9, 1920, c. 95, 41 Stat. 525, 46 U.S.C.A. §§ 741–752, which should be construed together with the Public Vessels Act, 46 U.S.C.A. §§ 781–790. See State of Maine v. United States, D.C., 45 F.Supp. 35; State of Maine v. United States, 1 Cir., 134 F.2d 574; United States v. Caffey, 1 Cir., 141 F.2d 69; Mejia v. United States, 5 Cir., 152 F.2d 686, 687.

■ Section 743 provides in part that "Such suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties. A decree against the United States or a corporation mentioned in section 741 of this title may include costs of suit, and when the decree is for a money judgment, interest at the rate of 4 per centum per annum until satisfied, or at any higher rate which shall be stipulated in any contract upon which such decree shall be based. Interest shall run as ordered by the court. Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. * * *"

In United States v. Wilhite, 163 F.2d 825, 826, the Ninth Circuit Court of Appeals said:

"The libel was prosecuted under the Act of March 24, 1943, 50 U.S.C.A.Appendix, § 1291, providing that it be enforced pursuant to the Suits in Admiralty Act and, since that Act provides that the government is liable for costs (46 U.S.C.A. § 743) our rule 27(4) exempting the United States from costs is not applicable."

It results that the costs usual on appeal should be and are taxed against the United States.

■ The interest on the damages should be calculated at the rate of 4% per annum until satisfied and should run from April 25, 1951, the day on which the libellant was originally entitled to judgment in the District Court. Coyle Lines v. United States, D.C., 96 F.Supp. 821; 46 U.S.C.A. §§ 743, 782; Opinion of this Court on Motion to Amend Mandate, May 27, 1952, in Givens v. Missouri, K. T. R. R. Co., 5 Cir., 196 F.2d 905.