**INLAND CREDIT CORPORATION,**
Plaintiff-Appellant-Cross Appellee,

v.

**M/T BOW EGRET, her engines, machinery, nets, tackle, apparel, and furniture, in rem, and Bow Egret Tanker Corporation, her owner, in personam, Defendants,**

v.

**Constance R. EARLE, Intervenor-Appellee-Cross Appellant,**

v.

**Peter KENNARD,
Intervenor-Appellee-Cross
Appellant.**

No. 74–3195.

United States Court of Appeals,
Fifth Circuit.

July 29, 1977.

J. Michael Mahaffey, Corpus Christi, Tex., for Inland Credit.

Ben H. Sheppard, Jr., Houston, Tex., for Earle.

H. T. Hermansen, Jr., Corpus Christi, Tex., for Kennard.

J. Donald Stillwell, Houston, Tex., for M/T Bow.

Joel Pensley pro se.

Robert M. Julian, Houston, Tex., for Shell Oil.

On Petition for Rehearing

(Opinion May 27, 1977, 5 Cir., 1977, 552 F.2d 1148)

Before TUTTLE, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

■ 1. We adhere to our view of the jurisdictional issue. We continue to feel that modern jurisdictional thinking properly focuses on the presence of those minimum contacts with the forum that make the assertion of jurisdiction comport with due process. This philosophy has recently been confirmed, although in a quite different context, by the Supreme Court, which held in *Shaffer v. Heitner*, —— U.S. ——, 97 S.Ct. 2569, 53 L.Ed.2d 683, 4849 (June 24, 1977), that states' assertion of *in rem* jurisdiction must satisfy the same "minimum contacts standard" applied to *in personam* jurisdiction.

■ 2. Inland requests that we clarify the rate of interest which Earle and Kennard should receive. As we have observed, Earle and Kennard may receive interest on two bases—as holders of the Bow Egret Tanker Corporation's notes, and as, in effect, lien claimants against the Bow Egret herself. While the calculation of the sums

due on either basis presents some difficulty, we emphasize that in any event Earle and Kennard are not entitled to a double recovery.

As lien claimants, Earle and Kennard would presumably be entitled to interest at the same 6% rate awarded by the district court to other lien claimants. This interest would ordinarily accrue from the date of their loss. (In dealing with the other lien claims, however, the district court decided to allow interest from what it considered the date of the filing of the claims. This decision was certainly within its discretion.) We note, however, that the grant of pre-judgment interest is a matter in the discretion of the trial court. While we perceive no circumstances justifying a denial of this relief, we modify our opinion to indicate that award of pre-judgment interest to Earle and Kennard as lien claimants does remain a decision for the trial court.

In their status as holders of promissory notes, Earle and Kennard of course can recover at the rate provided in the notes, 2.08% per month. The district court's judgment of November 27, 1974 awarded Earle and Kennard interest at this rate, from the date of their loans "until paid." But in findings of fact and conclusions of law signed on July 11, 1974, the court granted the 2.08% rate only from the loan date until date of judgment. The notes themselves did not explicitly call for interest beyond the date when the principal was due, June 29, 1974. Again, we leave to the district court the clarification of the amount due on the notes, repeating, however, that double interest is not to be allowed.

■ In accordance with Federal Rule of Appellate Procedure 37, we direct that the date of the original judgment below be used as the date of entry of judgment, should the date of entry of judgment be relevant to calculations of the amount of interest due. *See Coyle Lines v. United States,* 198 F.2d 195 (5th Cir. 1952).

3. On page 1153 of 552 F.2d 1148, in the first paragraph, line 7 of that paragraph, the figure $61,653.88 is inaccurate. The correct figure is $61,721.69. *See* note 1 *supra.*

■ 4. For purposes of clarification, we strike that part of the second full paragraph on page 1155 [no. 8–9] that reads as follows: "Earle and Kennard were only entitled to participate in the distribution of the *res* proceeds, therefore, to the extent of the principal and interest on their loans. So far as attorneys' fees are concerned, their only recovery would have been *in personam*." In place of such language, the opinion is modified to read as follows: "The district court apparently would have awarded Earle and Kennard an *in personam* recovery of attorneys' fees, *based on their status as lien claimants.* We need not consider the correctness of this proposition, because we conclude that an *in personam* recovery can be based on the promissory notes."

The petition for rehearing is DENIED.