ITT WORLD COMMUNICATIONS, INC., et al., Plaintiffs,

v.

The WESTERN UNION TELEGRAPH COMPANY, Defendant.

RCA GLOBAL COMMUNICATIONS, INC., Plaintiff,

v.

The WESTERN UNION TELEGRAPH COMPANY, Defendant.

Nos. 80 Civ. 5745(MEL), 80 Civ. 6387(MEL).

United States District Court, S.D. New York.

Dec. 14, 1984.

Wald, Harkrader & Ross, Washington, D.C., Lane & Mittendorf, New York City, for defendant; Mark Schattner, Washington, D.C., Alan R. Wentzel, New York City, Joel Yohalem, Deputy Gen. Counsel, H. Richard Juhnke, Sol. Gen., Western Union Telegraph Co., Washington, D.C., of counsel.

LeBoeuf, Lamb, Leiby & MacRae, New York City, and Peter M. Andersen, Richard J. Heitmann, Secaucus, N.J., for plaintiff ITT World Communications, Inc.; Grant S. Lewis, John S. Kinzey, Charles C. Platt, New York City, of counsel.

Cahill, Gordon & Reindel, and Francis J. DeRosa, Charles M. Lehrhaupt, Jeffrey Frackman, New York City, for plaintiff RCA Global Communications, Inc.; H. Richard Schumacher, Howard G. Sloane, Kathy M. Silberthau, New York City, of counsel.

LASKER, District Judge.

## I.

We recently granted plaintiffs' summary judgment motion on the issues of actual damages and prejudgment interest, *ITT World Communications, Inc. v. Western Union Tel. Co.*, 598 F.Supp. 1435 (S.D.N.Y. 1984), but reserved decision on plaintiffs' request for attorney's fees arising out of related proceedings in order to obtain comments from the parties as to whether plaintiffs currently have or previously had the right to apply to the Court of Appeals or the Federal Communications Commission ("FCC") for such fees. We considered the question to be of sufficient importance to require further submissions because we believe it is normally appropriate for victorious parties to seek an attorney's fee award from the forum which granted them their requested relief. We are persuaded, however, that plaintiffs cannot now, nor could not in the past, apply to the Court of Appeals for their attorney's fees, that their decision not to seek fees from the FCC ought not bar them from requesting fees here, and that such a fee award is warranted in this instance.

The facts and history of this case are set forth in earlier opinions and related proceedings in the Court of Appeals cited in those opinions. Plaintiffs seek an award of attorney's fees, not for services rendered in this action but, as damages, for their legal expenditures in their earlier successful effort to overturn an FCC order sanctioning defendant Western Union Telegraph Co.'s ("WU") conduct. *See ITT World Communications Inc. v. FCC*, 635 F.2d 32, 45 (2d Cir.1980).

## II.

Plaintiff ITT argues in a letter of December 7, 1984 that neither ITT nor plaintiff RCA could have obtained attorney's fees from the FCC or the Court of Appeals

following the Court of Appeals' decision and order because "we are unaware of any provisions which would have permitted recovery of either party's attorneys' fees at that time." WU responds in a letter dated December 12, 1984 that "plaintiffs had every opportunity to make such an application [(for fees)] but have never had a substantive right to attorneys' fees incurred in connection with the proceedings in either tribunal." WU provides no support for its assertion that plaintiffs could have applied for attorney's fees at an earlier time but instead relies upon a recent Supreme Court decision discussed below which, it contends, precludes plaintiffs from obtaining a fee award for prior related litigation. Finally, RCA concedes in its letter dated December 11, 1984 that plaintiffs could have pursued their damage remedies before the FCC after the Court of Appeals found in their favor, but instead elected to exercise their statutory privilege granted by Section 207 of the Communications Act of 1934, 47 U.S.C. § 207 (1982), to seek their damages in this Court. RCA further asserts, *inter alia*, that they could not obtain an attorney's fee award when their appeal of the FCC's decision came before the Court of Appeals because "a determination of the quantum of attorneys' fees implies a degree of fact-finding that is inappropriate for a Court of Appeals to undertake in the first instance."

In light of the above arguments, we find that plaintiffs could not have recovered their expenses for the prior related proceedings from the Court of Appeals. We are persuaded by RCA's argument that it would have indeed been inappropriate for the Court of Appeals to undertake an initial assessment of plaintiffs' litigation expenses before the FCC. In addition, while it appears that plaintiffs could have proceeded with their damage claims before the FCC we do not believe they should be penalized for having elected to pursue their claims against WU for damages in this court.[1]

---

1. Section 207 of the Communications Act provides in relevant part:

Any person claiming to be damaged by any common carrier subject to the provisions of

this [Act] may either make complaint to the [FCC] ... or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of the

Inasmuch as plaintiffs have established that this is their first and only opportunity to recover attorney's fees in these proceedings, we now turn to the question of whether they possess the substantive right to obtain a fee award covering prior related litigation expenses.

### III.

To support their fee application, plaintiffs rely upon that portion of the Communications Act which imposes liability upon WU for the "full amount of damages sustained in consequence of any such violation of [the Act], together with a reasonable counsel or attorney's fee ...." 47 U.S.C. § 206 (1982). WU argues that such an award is contrary to the Supreme Court's decision in *Summit Valley Industries, Inc. v. Local 112, United Brotherhood of Carpenters & Joiners*, 456 U.S. 717, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982) ("*Summit Valley*") in which attorney's fees were denied for expenses incurred in proceedings before the National Labor Relations Board. *Id.* at 721, 102 S.Ct. at 2114. WU also contends that plaintiffs' fee request is "extraordinary and without precedent" since the company was not a defendant in the Court of Appeals litigation.

Plaintiffs respond that WU reads too much into *Summit Valley* because that case was limited to the construction of a provision of the Labor Management Relations Act. They argue that the requested attorney's fees are justified because plaintiffs' position is analogous to that of victims of antitrust violations who have been held entitled to recover, as damages, expenses incurred in resisting the unlawful activities of antitrust defendants.[2]

We agree with plaintiffs that *Summit Valley* does not preclude plaintiffs from obtaining an award of attorneys fees. It restates that "[u]nder the American Rule it is well established that attorney's fees 'are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor.'" *Summit Valley, supra*, 456 U.S. at 721, 102 S.Ct. at 2114, *quoting, Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 714, 87 S.Ct. 1404, 1404, 18 L.Ed.2d 475 (1967). In that case, the Supreme Court's decision was based upon the absence of express authorization for such a fee award in either the language or legislative history of the Labor Management Relations Act. *See Summit Valley, supra*, 456 U.S. at 721, 102 S.Ct. at 2114. Here, by way of contrast, Section 206 of the Communications Act quoted above expressly provides for attorney's fees.

Neither the Court of Appeals for this circuit, nor any other court for that matter, has discussed whether the Communications Act permits recovery of attorney's fees for prior related proceedings. Nevertheless the type of relief which plaintiffs seek is not without precedent. In *City of Mishawaka v. American Electric Power Co., supra*, 616 F.2d 976, the Court of Appeals for the Seventh Circuit awarded attorney's fees to antitrust plaintiffs as part of their damages for expenses incurred in litigation before a regulatory commission in an effort to prevent a defendant's unlawful conduct.

The peculiar facts of this case similarly support an award of attorney's fees for the litigation which plaintiffs were required to undertake to bring about the cessation of WU's illegal activity. WU's entry into the market for international telecommunications services in 1979 was "in blatant violation to the extant law," *RCA Global Com-*

---

[Act], in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies.
47 U.S.C. § 207 (1982).

2. *Citing, Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 674 F.2d 1252, 1276 (9th Cir.1982), *cert. denied*, 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983); *City of Misha-*

*waka v. American Electric Power Co.*, 616 F.2d 976, 989–90 (7th Cir.1980), *cert. denied*, 449 U.S. 1096, 101 S.Ct. 892, 66 L.Ed.2d 824 (1981). Plaintiffs also cite those cases in which courts have awarded legal costs as damages to parties who have been forced into litigation because of an opposing party's unlawful acts. *See, e.g., First National Bank v. Dunham*, 471 F.2d 712 (8th Cir.1973).

*munications, Inc. v. Western Union Telegraph Co.,* 521 F.Supp. 998, 1005 (S.D.N.Y. 1981), and undisputably caused plaintiffs economic harm. The injury was not limited to loss of international telecommunications business but also included, in our opinion, litigation expense before the Court of Appeals inasmuch as WU's action precipitated plaintiffs' appeal to that court to protect their interests. We also consider it significant that plaintiffs are not now, nor have they ever been in a position before this time in which they could have petitioned the Court of Appeals to recover their litigation expenses. Under these circumstances, as well as for the equitable considerations which supported awarding plaintiffs prejudgment interest, *see ITT World Communications, Inc. v. Western Union Telegraph Co., supra,* at 1438 we find it reasonable for plaintiffs to be awarded their requested attorney's fees as part of the "full amount of damages" in this case. 47 U.S.C. § 206 (1982).

Plaintiffs' motion for attorney's fees covering prior related litigation expenses is accordingly granted.

Submit judgment on notice.