**AMERICAN TELEPHONE AND TELEGRAPH COMPANY,**
Plaintiff,

v.

**UNITED ARTISTS PAYPHONE CORPORATION, United Artists Telecommunications, Inc., Ranlee Communications, Inc., UA/Ranlee Joint Venture and UA/Ranlee, Inc., Defendants.**

No. 90 Civ. 3881 (PKL).

United States District Court,
S.D. New York.

May 12, 1994.

Kleinberg, Kaplan, Wolff & Cohen, P.C., New York City (David Parker, Monica L. Kaiser, of counsel), for plaintiff.

Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City (Robert M. Peak, Jeffrey N. Leibell, of counsel), for defendants.

## OPINION AND ORDER

LEISURE, District Judge.

The defendants in this action (collectively, "United Artists") seek summary judgment on defendants' claim for attorney's fees. Plaintiff ("AT & T") moves to dismiss the claim for attorney's fees pursuant to Fed.R.Civ.P. 12(b)(1),[1] for lack of subject matter jurisdiction, and Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. For the reasons stated below, the Court grants plaintiff's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

## BACKGROUND

On May 14, 1990, United Artists petitioned the Federal Communications Commission (the "FCC") for a declaration of nonliability for $1.2 million in charges by AT&T for calls from pay telephones operated by United Artists. On June 7, 1990, AT&T sued for payment of these charges in this Court (the "Federal Action"). The Federal Action was stayed pending resolution of the FCC proceedings. On August 18, 1993, the FCC found that United Artists had not intentionally or constructively "ordered" telecommunication services from AT&T and was therefore not AT&T's "customer." *See United Artists Payphone Corp. v. New York Tel. Co.,* 8 F.C.C.Rcd. 5563 (released August 18, 1993), at ¶¶ 9–15, 20. Accordingly, the FCC found that United Artists was not liable for the disputed charges and that, by attempting to collect these charges from United Artists,

AT&T had violated 47 U.S.C. § 203(c). Since United Artists had never paid these charges, no damages were awarded. United Artists also sought attorney's fees and legal expenses but the FCC found that it lacked the authority to make such an award.

On September 22, 1993, United Artists filed a counterclaim in this action for attorney's fees and legal expenses incurred in proceedings before both the FCC and this Court. Whether there is a basis for awarding such fees is the issue now before the Court.

## DISCUSSION

United Artists contends that it should be awarded attorney's fees pursuant to 47 U.S.C. § 206, which provides as follows:

In case any common carrier shall do ... any act, matter, or thing in this Chapter prohibited or declared to be unlawful ..., such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this Chapter, together with a reasonable attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case.

47 U.S.C. § 206 (1988). AT&T argues that § 206 does not provide a basis for recovering attorney's fees in this action. AT&T argues, *inter alia,* that under § 206 a party may not recover for attorney's fees incurred in proceedings before the FCC and that a party may not recover attorney's fees if it has not been awarded damages.

In determining whether § 206 permits an award of attorney's fees in this case, the Court finds relevant decisions construing analogous provisions of the Interstate Commerce Act. Since the Communications Act was modelled on the Interstate Commerce Act, decisions construing the latter are persuasive in establishing the meaning of the former. *See MCI Telecommunications*

---

**1.** AT&T contends that its arguments establish both the absence of subject matter jurisdiction and United Artists' failure to state a claim upon which relief can be granted. The Court finds that these arguments, discussed below, are more properly characterized as establishing United Artists' failure to state a claim upon which relief can be granted.

*Corp. v. FCC,* 917 F.2d 30, 38 (D.C.Cir.1990). Moreover, the provisions of the Communications Act that are relevant to the instant case were taken practically verbatim from the provisions of the Interstate Commerce Act then in force.[2] *See Curran v. Mackay Radio & Telephone Co.,* 123 F.Supp. 83, 89 (S.D.N.Y.1954). Similar to former § 9 of the Interstate Commerce Act,[3] § 207 of the Communications Act provides that a party may bring either an administrative proceeding or a suit in federal court. *See* 47 U.S.C. § 207 (1988). Similar to former § 16 of the Interstate Commerce Act,[4] § 407 of the Communications Act provides that if a party is awarded damages in the administrative proceeding, such party may enforce the award in federal court. *See* 47 U.S.C. § 407 (1988). Finally, similar to former § 8 of the Interstate Commerce Act,[5] § 206 of the Communications Act authorizes the award of damages and attorney's fees. *See* 47 U.S.C. § 206 (1988).

The circumstances under which attorney's fees could be awarded pursuant to §§ 8 and 16 of the Interstate Commerce Act were addressed by the Supreme Court in *Meeker v. Lehigh Valley R.R. Co.,* 236 U.S. 412, 35 S.Ct. 328, 59 L.Ed. 644 (1915). In that case, the plaintiff had brought an enforcement action pursuant to § 16 of the Interstate Commerce Act when the defendant failed to make payment of damages awarded by the Interstate Commerce Commission. The district court had awarded damages in accordance with the findings of the Interstate Commerce Commission. In addition, the district court had awarded attorney's fees for services incident to proceedings before both the Commission and the district court. However, the Supreme Court found that the district court had erred in allowing attorney's fees for services before the Commission, writing as follows:

> Section 8 provides that a carrier violating the act shall be liable to any person injured for the damages he sustains, "together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case." And § 16, relating to actions to enforce claims for damages after the Commission has acted thereon, provides: "If the petitioner shall finally prevail, he shall be allowed a reasonable attorney's fee, to be taxed and collected as a part of the costs of the suit."

> In our opinion the services for which an attorney's fee is to be taxed and collected are those incident to the action in which the recovery is had, and not those before the Commission. This is not only implied in the words of the two provisions just quoted, but is suggested by the absence of any reference to proceedings anterior to the action. And that nothing more is intended becomes plain when we consider another provision in § 16, which requires the Commission, upon awarding damages, to make an order directing the carrier to pay the sum awarded 'on or before a day named,' and then declares that, if the carrier does not comply with the order 'within the time limit,' the claimant may proceed to collect the damages by suit. The Commission is not to allow a fee, but only to find the amount of the damages and fix a time for payment; and, if the carrier pays the award within the time named, no right to an attorney's fee arises. It is only when the damages are recovered by suit that a fee is to be allowed, and this is as true of the provision in § 8 as of that in § 16. The evident purpose is to charge the carrier with the cost and expenses entailed by a failure to pay without suit—if the claimant finally prevails—and to that end to tax as part of the costs in the suit wherein the recovery is had a reasonable fee for the services of the claimant's attorney in instituting and prosecuting that suit. It follows that the district court erred in matter of law in allowing a fee for services before the Commission.

2. These Interstate Commerce Act was restated in 1978 to update and simplify its language.

3. 49 U.S.C.A. § 9 (1951) (repealed 1978).

4. 49 U.S.C.A. § 16 (1951) (repealed 1978).

5. 49 U.S.C.A. § 8 (1951) (repealed 1978).

*Id.* 236 U.S. at 432–33, 35 S.Ct. at 336–37. These same themes were also reflected in a later opinion by Justice Brandeis suggesting that attorney's fees were made available under § 16 to "discourage harassing resistance by a carrier to a reparation order." *St. Louis & San Francisco R.R. Company v. Spiller,* 275 U.S. 156, 159, 48 S.Ct. 96, 97, 72 L.Ed. 214 (1927).

■ Turning to the instant case, the parties have suggested no reason why the provisions of the Communications Act at issue here should be interpreted differently from the analogous provisions of the Interstate Commerce Act, nor does the Court perceive any such reason. Indeed, *Meeker* has been cited as authority for the proposition that the FCC cannot award attorney's fees to a party appearing before it. *See Illinois Bell Telephone Co.,* F.C.C. 80–M–181, 46 R.R.2d 1449, 1451 (Jan. 30, 1980); *see also Turner v. Federal Communications Comm'n,* 514 F.2d 1354, 1356 (D.C.Cir.1975) (not citing *Meeker* but finding that the FCC could not award attorney's fees). United Artists contends that, though the FCC cannot itself award attorney's fees, this Court may do so because § 206 only requires that the attorney's fees be "fixed by the court." However, the holding of *Meeker* was that a party could not recover attorney's fees for services rendered before the Interstate Commerce Commission, regardless of whether the party made its application for fees to the Commission itself or to a court. Thus, *Meeker* clearly suggests that in the instant case United Artists cannot recover for attorney's fees incurred in proceedings before the FCC.

The Court also believes this is the more sensible reading of § 206. First, § 206 provides that an attorney's fee "shall be taxed and collected as part of the costs in the case." This language suggests that the services in question must have been incident to court proceedings rather than to FCC proceedings, as the Supreme Court concluded in *Meeker.*[6] *See also Parker v. Califano,* 561 F.2d 320, 326 (D.C.Cir.1977) (finding attorney's fees incident to administrative proceedings may be awarded under Title VII because, unlike the term "suit" in Section 8 of the Interstate Commerce Act, the term "proceedings" includes administrative proceedings). Second, were this Court to accept United Artists' argument that the Court may now award attorney's fees that the FCC could not, it would result in the needless waste of judicial resources since every successful case before the FCC would result in a related judicial action being instituted to recover attorney's fees. Third, the Court discerns no rationale for Congress to have intentionally provided that a party could recover for attorney's fees incurred before the FCC but have denied the FCC the authority to make the award, particularly since Congress has granted the FCC the authority to award damages. Accordingly, the Court rejects United Artists' argument and concludes that § 206 does not permit a party to recover for attorney's fees incurred before the FCC.[7]

■ The more difficult question presented by this case is whether United Artists may recover for attorney's fees incurred in proceedings before this Court. The Court again concludes, however, that United Artists may not recover. Section 206 provides for the award of an "attorney's fee, to be fixed by the court in every case of recovery." The Court concludes that this is not a "case of recovery" because no damages have been awarded. The language of § 206 may be contrasted with 42 U.S.C. § 1988 (1988), a

---

6. The Interstate Commerce Act used the term "suit" while § 206 uses the term "case." The Court, however, perceives no significant difference between these terms.

7. United Artists contends that this Court held in *ITT World Communications, Inc. v. Western Union Tel. Co.,* 598 F.Supp. 1439 (S.D.N.Y.1984), that a party may recover for attorney's fees incurred before the Federal Communications Commission. It is true that in *ITT World Communications* this Court awarded attorney's fees for services rendered before the FCC. *Id.* at 1436,

1442. However, the Court stated that its award of attorney's fees was premised on the "peculiar facts of th[e] case," including the fact that the defendant's actions had been " 'in blatant violation to the extant law.' " *Id.* at 1441 (citation omitted). Moreover, the Court explicitly stated that it was awarding attorney's fees as part of the " 'full amount of damages' " in the case, as provided for in § 206. Thus, the decision did not purport to construe the provision for attorney's fees in § 206. Consequently, *ITT World Communications* is distinguishable from the instant case.

provision concerning the award of attorney's fees in civil rights cases, which permits the award of such fees to a "prevailing party." United Artists is certainly the "prevailing party" in this action, but it has not "recovered" anything. The requirement that a party have been awarded damages is also suggested both by the title of § 206 ("Carriers' liability for damages") and by its language, which provides for "damages ... together with a reasonable counsel or attorney's fee." This language links the recovery of attorney's fees to the recovery of damages.

In addition, in construing § 206 the Court again finds guidance in decisions concerning the Interstate Commerce Act. Congress restated the Interstate Commerce Act in 1978. *See* Act of Oct. 17, 1978, P.L. 95–473, 92 Stat. 1337, 1466. The purpose of this restatement "was to substitute simple language for awkward and obsolete terms ... without substantive change to the existing law." *Illinois Cent. Gulf R.R. Co. v. Delta Millwork, Inc.,* 802 F.2d 156, 157 n. 2 (5th Cir.1986) (citing H.R.Rep. No. 95–1395, 95th Cong., 2nd Sess., *reprinted in* 1978 U.S.Code Cong. & Ad. News 3009, 3013, 3016–18). The restated Interstate Commerce Act clearly provides that attorney's fees may only be awarded to a party that has been awarded damages. *Id.* at 158.[8] Thus, Congress has, in effect, interpreted the analogous provisions of the original Interstate Commerce Act as providing for an award of attorney's fees only when there has been an award of damages.

Requiring an award of damages is also consistent with the Supreme Court's statements regarding the purpose of the provisions of the original Interstate Commerce Act. As discussed above, the Supreme Court stated that the purpose of granting attorney's fees under §§ 8 and 16 of the Interstate Commerce Act was to "discourage harassing resistance by a carrier to a repara-

tion order," *St. Louis & San Francisco R.R. Company,* 275 U.S. at 159, 48 S.Ct. at 97, and "to charge the carrier with the cost and expenses entailed by a failure to pay without suit," *Meeker,* 236 U.S. at 433, 35 S.Ct. at 336. Thus, attorney's fees are provided to compensate parties who must initiate suit in order to access the unique enforcement powers of the court. In the instant case, however, United Artists did not require enforcement because it was merely excused from liability rather than awarded damages.[9]

■ Thus, the Court concludes that under 47 U.S.C. § 206, attorney's fees may only be awarded to a party that has recovered damages. Since United Artists has not recovered damages, it is not entitled to attorney's fees.

### CONCLUSION

For the reasons stated above, the Court denies United Artists' motion for summary judgment and grants AT&T's motion to dismiss United Artists' counterclaims pursuant to Fed.R.Civ.P. 12(b)(6). This case is hereby dismissed.

**SO ORDERED.**

---

**8.** It bears observation that, as in the instant case, the party seeking attorney's fees in *Illinois Central* argued that it was being penalized for not having remitted payment and then initiated a suit for damages. This argument was rejected. *Id* at 158.

**9.** It might be argued that if a party must show it has been forced to resort to the courts, then attorney's fees could be recovered only in actions brought pursuant to § 407 to enforce an award by the FCC with which a defendant has not complied. This argument may have merit, but it is not a necessary consequence. A party that has resorted directly to the courts rather than filing a complaint with the FCC could argue that it did so because it perceived the likelihood that it would require judicial power to enforce its rights.